# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREM MUSE ASAYEHEGN,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>Respondents. | Case No.: 3:26-cv-00663-RBM-BJW<br><br>**ORDER GRANTING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 7]** |

Petitioner Efrem Muse Asayehegn filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) After the Court issued an Order to Show Cause (Doc. 2), Respondents filed a Return to the Petition. (Doc. 5.) Petitioner then filed a Traverse (Doc. 6) and the First Amended Petition ("Amended Petition") (Doc. 7), along with a Motion for Leave to Amend (Doc. 7-1). Petitioner represents that the Amended Petition "removes inapplicable factual assertions" and "does not introduce new, unrelated claims or require substantial additional briefing." (*Id*. at 3.)

A petitioner may amend his habeas petition once as a matter of course within 21 days after serving it. *See* Fed. R. Civ. P. 15(a)(1)(A); *In re Morris*, 363 F.3d 891, 893 (9th Cir. 2004) ("Rule 15(a) applies to habeas corpus actions with the same force that it applies

1

to garden-variety civil cases.").[1]  Because Petitioner's Amended Petition was filed with the time allowed under Rule 15(a)(1)(A), the Amended Petition was filed as of right and effectively replaces the original Petition.  *See Escobar v. Chestnut*, No. 1:25-cv-1801-DJC-EFB, 2026 WL 622121, at *1 (E.D. Cal. Mar. 5, 2026).  Petitioner's Motion for Leave to Amend (Doc. 7-1) is therefore **DENIED AS MOOT**.

Given that the Petition has been fully briefed, and the Amended Petition makes no substantive changes, the Court applies the parties' arguments to resolve the Amended Petition.  For the reasons set forth below, the Amended Petition is **GRANTED IN PART**.

**I.    BACKGROUND**

Petitioner, a native and citizen of Ethiopia, entered the United States without inspection on or around September 7, 2025.  (Doc. 1 ¶¶ 2–3; Doc. 7 ¶¶ 2–3; *see* Doc. 5-1 at 3–4, 6.)  Petitioner was apprehended, taken into Immigration and Customs Enforcement ("ICE") custody, "determined to be inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I), [and] placed in expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1)." (Doc. 5 at 2; *see* Doc. 5-1 at 14.)  Petitioner was then interviewed by an asylum officer, who found he demonstrated a credible fear of persecution or torture.  (Doc. 5 at 2.; *see* Doc. 5-1 at 6.)  On October 2, 2025, Petitioner was issued a Notice to Appear ("NTA") which vacated his expedited removal proceedings and initiated removal proceedings under 8 U.S.C. § 1229a, against him.  (Doc. 5 at 2; *see* Doc. 5-1 at 6.)  The NTA also "scheduled Petitioner's initial master calendar hearing for October 16, 2025."  (Doc. 5 at 2.)

On November 11, 2025, Petitioner filed an application for asylum and withholding of removal.  (Doc. 1 ¶ 5; Doc. 7 ¶ 5.)  "Petitioner's removal proceedings remain pending, and his individual merits hearing is scheduled for April 10, 2026."  (Doc. 5 at 2; *see* Doc. 5-1 at 15.)  Petitioner remains detained at the Otay Mesa Detention Center.  (Doc. 7 ¶ 14.)

---

[1]  As respondents to a habeas petition need not answer until ordered to do so, *see* 28 U.S.C. § 2243, a habeas petition is not a pleading for which a responsive pleading is required.  *See Escobar v* 2026 WL 622121, at *1 & n.1 (citing Fed. R. Civ. P. 15(a)(1)(A)).

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.    DISCUSSION

Petitioner claims he is being detained in violation of the Fifth Amendment's Due Process Clause, the Administrative Procedure Act ("APA"), and the Fourth Amendment. (Doc. 1 ¶¶ 42–85.) Respondents contend: (1) Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii); (2) Section 1225(b) provides all the due process that Petitioner is owed; and (3) Petitioner's detention has not become constitutionally prolonged. (Doc. 5 at 5–10.)[2]

### A.    Due Process

Respondents argue that "[a]s Petitioner's removal proceedings are pending, and he has not been granted temporary parole, [8 U.S.C. §] 1225(b)(1)(B) mandates his detention until the proceedings have concluded." (Doc. 5 at 6.) Respondents also argue that

---

[2] Respondents also argue that the Court lacks jurisdiction to hear the Petition under 8 U.S.C. § 1252(g). (Doc. 5 at 3–4.) The Court has consistently rejected this argument and does so again for the same reasons. *See Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1161–62 (S.D. Cal. 2025). To the extent Petitioner challenges his continuous detention "without a meaningful bond and custody redetermination hearing" (Doc. 7 ¶ 68), he is enforcing his "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1074 (S.D. Cal. 2025) (emphasis in original).

3:26-cv-00663-RBM-BJW

Petitioner's detention does not violate the Fifth Amendment's Due Process Clause "[b]ecause the only process due [to] Petitioner is that afforded under" § 1225(b). (Doc. 5 at 7 (citing *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138–40 (2020)); *see id*. at 6 (citing *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 207–09 (1953)).)

As a threshold matter, the Court agrees that Petitioner is subject to detention under § 1225(b) because Petitioner was detained at the border upon his arrival to the United States as an "applicant for admission." *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018) ("Under [§ 1225, a noncitizen] who 'arrives in the United States,' or 'is present' in this country but 'has not been admitted,' is treated as 'an applicant for admission.'") (quoting 8 U.S.C. § 1225(a)(1)).

However, this Court has rejected Respondents' due process arguments and "join[ed] the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process." *Khadka v. Otay Mesa Det. Ctr.*, No. 3:26-CV-00475-RBM-MMP, 2026 WL 800177, at *3 (S.D. Cal. Mar. 23, 2026); *Malyshko v. Warden, Otay Mesa Det. Ctr.*, Case No.: 3:26-cv-00069-RBM-SBC, 2026 WL 252367, at *4 (S.D. Cal. Jan. 30, 2026) (quoting *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020)); *see Xie v. LaRose*, Case No.: 3:26-cv-00529-RBM-DDL, 2026 WL 549909, at *2 (S.D. Cal. Feb. 27, 2026) (quoting the same); *see Zhakuov v. Noem*, Case No. 3:26-cv-00288-RBM-DDL, 2026 WL 517981, at *2 (S.D. Cal. Feb. 25, 2026) (same); *Hussain v. LaRose*, Case No.: 3:26-cv-00194-RBM-MSB, 2026 WL 206715, at *2 (S.D. Cal. Jan. 27, 2026) (same). "This Court likewise agree[d] with those district courts that interpret *Thuraissigiam* as circumscribing an arriving noncitizen's due process rights to admission, rather than limiting that person's ability to challenge detention." *Malyshko*, 2026 WL 252367, at *4 (quoting *Gao v. LaRose*, 805 F. Supp. 3d 1106, 1110 (S.D. Cal. 2025)).

The Court adopts its reasoning in those cases and applies it here. For those same reasons, the Court concludes that an unreasonably prolonged detention under § 1225(b) without a bond hearing violates due process. *See also Noori v. LaRose*, 807 F. Supp. 3d

1146, 1157 (S.D. Cal. 2025) ("Noncitizens seeking asylum are guaranteed due process under the 5th Amendment throughout this process [under § 1229a].") (citing *Reno v. Flores*, 507 U.S. 292, 306 (1993)).

**B.      Prolonged Detention**

To determine whether § 1225(b) detention has become unreasonable, the Court considers:

> (1) total length of detention to date; (2) likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Kydyrali*, 499 F. Supp. 3d at 773 (citing *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019)).[3]

First, "the length of detention . . . is the most important factor." *Banda*, 385 F. Supp. 3d at 1106.  Petitioner has been detained for about seven months.  (*See* Doc. 7 ¶ 20.) "Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable." *Abdul Kadir v. Larose*, Case No.: 25cv1045-LL-MMP, 2025 WL 2932654, at *5 (S.D. Cal. Oct. 15, 2025) (collecting cases).  This factor therefore weighs in favor of Petitioner.

The second factor, the likely duration of future detention, also weighs in favor of Petitioner.  Respondents claim that Petitioner's "individual merits hearing is scheduled for" April 10, 2026, "at which point his path to release or removal should be clear." (Doc. 5 at 9; *see* Doc. 5-1 at 9 (setting the individual hearing for April 10, 2026).)  But "there is . . . no indication that this hearing will even result in a final decision in his removal

---

[3]  Respondents rely on the framework set forth in *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022).  (Doc. 5 at 8–9.)  However, the *Lopez* court applied the outlined factors in the § 1226 context.  *See Lopez*, 631 F. Supp. 3d at 879.  The Court notes the factors set forth above share significant overlap with the *Lopez* factors.

3:26-cv-00663-RBM-BJW

proceedings." *Prabhpreet v. LaRose*, No. 26-CV-393-JES-SBC, 2026 WL 310192, at *4 (S.D. Cal. Feb. 5, 2026). "Either party can appeal the IJ's decision to the Board of Immigration Appeals ('BIA'), and if the BIA upholds a removal order, the noncitizen can appeal that decision to a United States court of appeals." *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 926 (N.D. Cal. 2025) (citing 8 C.F.R. §§ 1240.15, 1003.1; 8 U.S.C. § 1252). As such, "full removal proceedings 'take place over the course of several months.'" *Id.* (quoting *Make the Rd. New York v. Noem*, 805 F. Supp. 3d 139, 148 (D.D.C. 2025)). In this case, regardless of the outcome of his hearing, Petitioner cannot be removed until his full removal proceedings are completed, his application for relief is adjudicated, and an order of removal becomes final. *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1094–95 (S.D. Cal. 2025); *K C v. Chestnut*, No. 1:26-cv-00227-DJC-CSK, 2026 WL 412505, at *2 (E.D. Cal. Feb. 13, 2026) (finding a petitioner's "detention is likely to endure indefinitely while determinations about [his] asylum claim and removability are made and appealed").

As to the third factor, "[t]he more that the conditions under which the [noncitizen] is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Banda*, 385 F. Supp. 3d at 1119 (citation omitted). Petitioner is detained at the Otay Mesa Detention Center, which several courts have found is "indistinguishable from penal confinement." *Kydyrali*, 499 F. Supp. 3d at 773 (citation omitted); *see Abdul*, 2025 WL 2932654, at *5. This factor also weighs in Petitioner's favor.

The fourth and fifth factors concern delays in the removal proceedings caused by Petitioner and the Government, respectively. Respondents contend "there is no indication of any delay in the removal proceedings on" their part. (Doc. 5 at 9.) Indeed, nothing in the present record indicates that either party engaged in any unreasonable delay. These factors are therefore neutral. *See Gurung v. Larose*, Case No.: 26v920-LL-MSB, 2026 WL 776841, at *5 (S.D. Cal. Mar. 19, 2026).

Lastly, "[i]n considering the 'likelihood that the removal proceedings will result in a final order of removal,' the Court considers 'whether the noncitizen has asserted any defenses to removal.'" *Abdul Kadir*, 2025 WL 2932654, at *5 (quoting *Banda*, 385 F.

6

Supp. at 1120).  Petitioner received a positive credible fear determination.  (Doc. 5 at 2.) As such, the sixth factor weighs slightly in favor of Petitioner.  *See Guatam*, 2026 WL 25846, at *5; *Gurung*, 2026 WL 776841, at *5 (finding the "likelihood that the removal proceedings will result in a final order of removal" weighed "slightly in favor of" the petitioner where "an asylum officer made a positive credible fear finding.").

Four of the six factors, including the most important one, weigh in Petitioner's favor. Accordingly, the Court finds that Petitioner's detention under § 1225(b) has become unreasonably prolonged and due process therefore requires he be provided with a bond hearing.[4]

#### IV.   **CONCLUSION**[5]

Based on the foregoing reasons, the Amended Petition (Doc. 7) is **GRANTED IN PART**.  To the extent that Petitioner requests to be released from custody, the Amended Petition is **DENIED**.  Accordingly, the Court further **ORDERS** as follows:

1. Respondents are **ORDERED** to provide Petitioner with an individualized bond hearing within **ten (10) days** of the entry of this Order to determine whether his continued detention is warranted.

2. Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.[6]

3. Respondents are **ORDERED** to file a Status Report **within ten (10) days** indicating whether and when Petitioner received a bond hearing and apprising the Court of the results of that hearing.

---

[4]  Petitioner's request for an order directing his release is therefore **DENIED**.

[5]  In light of the disposition contained herein, the Court declines to address Petitioner's remaining grounds for relief.

[6]  This relief has been granted in similar matters.  *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1089 (E.D. Cal. 2025); *Abdul Kadir*, 2025 WL 2932654, at *6.

3:26-cv-00663-RBM-BJW

4.  Petitioner's Motion for Leave to Amend (Doc. 7-1) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATE:  April 7, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

8

3:26-cv-00663-RBM-BJW